## CHESAPEAKE & HOCKING RY. CO. v. HARRISON BD. ED.

Ohio Appeals, 4th Dist., Pickaway Co.

Decided July 19, 1927.

First Publication of this Opinion

Allread, J., of the 2nd Dist., sitting in place of Sayre, PJ.

Syllabus by Editorial Staff.

85. APPEALS. — 991. Railroads. — 941. Practice and Procedure.—1053. Roads and Highways.—1. Action for establishment of highway crossing at grade, not appealable.

2. Fact that rights, created by statute and enforced by special remedies, are enforced by decree of judge without intervention of jury, does not make them of equitable nature.

Motion to dismiss appeal.

Appeal dismissed.

Wilson & Rector, Columbus and C. H. May, Circleville, for Railway Co.

C. E. Weldon and E. A. Brown, Circleville, for Bd. Ed.

## FULL TEXT

MAUCK, J.

The plaintiff railway company brought its proceeding in the Common Pleas under favor of Section 8895 G. C. et seq. for the establishment of a certain highway crossing at grade. From the order made by that court an appeal was undertaken by the defendants. The plaintiff now moves to dismiss the appeal on the ground that the subject matter of the proceeding is not such as supports an appeal.

The view indicated by the court upon the submission of the motion is adhered to. The comprehensive brief filed by the defendants leads us, however, to point out what we conceive to be the basic error of their position. It is, of course, conceded that appeals to this court are solely dependent upon the constitution and that all statutes purporting to confer the right of appeal are ineffective. Polyclinic v. Balsh, 92 OS. 415. Appeals are had only in chancery cases. The mistake of the appellants lies in their contention that inasmuch as the instant case is not a jury case it must perforce be a chancery case. It is, however, neither the one nor the other. Our code of civil procedure provides an exclusive method for the presentation to the court of all common law actions and of all suits in equity. In all such common law actions the parties have such constitutional rights to jury trial as the common law gave them. The legislature has, however, gone further and provided for many special proceedings outside the code. In such cases it has created rights and prescribed remedies, and these remedies are with juries or without them as the legislature has seen fit. In bastardy, for instance, we have a special proceeding with a jury trial. In divorce a special proceeding without a jury. The rights in both instances are not common law rights but rights created by statute and enforced by special remedies outside the code. The fact that many of these special rights are enforced by the decree of a judge without the intervention of a jury does not make them of an equitable nature. Divorce, alimony, mandamus, disbarment are all examples of this. None of them are appealable.

Now the case at bar clearly involves no rights but those created by statute. The statute creating the right at the same time prescribed the particular method by which it might be enforced. Both the right and the remedy are unknown to equitable jurisprudence. The case is identical in principle with that where the legislature created a conservancy district and provided special process for proceedings thereunder. Snyder v Deeds, 91 OS. 407.

(Allread and Middleton, JJ., Concur.)